**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **CLARENCE MOORE**, | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | Civil Action No. 3:04-CV-1901-L |
| | § | |
| **DALLAS AREA RAPID TRANSIT,** | § | |
| | § | |
| **Defendant.** | § | |

**MEMORANDUM OPINION AND ORDER**

Before the court is Defendant's Motion to Dismiss, filed July 19, 2005. After careful consideration of the motion, response, reply, record and applicable law, the court **grants in part** and **denies in part** Defendant's Motion to Dismiss.

**I.    Factual and Procedural Background**

Plaintiff Clarence Moore ("Moore" or "Plaintiff"), an African-American male, was employed with Defendant Dallas Area Rapid Transit ("DART" or "Defendant").[1] Plaintiff filed this action on August 31, 2004. Plaintiff contends that Defendant discriminated and retaliated against him in regards to compensation, terms, conditions and privileges of employment. Specifically, Plaintiff contends that on October 10, 2002, he submitted a request to be considered for the position of Manager, Advertising and Promotions, but was never interviewed for the position. Plaintiff maintains that a "younger, less qualified non-Black was selected." Complaint at 3. Plaintiff also complains regarding: (1) A performance evaluation he received after he complained internally about discrimination; (2) the restructuring and reorganization of the retail sales section that resulted in the

---

[1]The parties do not state when Plaintiff began his employment with DART or the position he held.

**Memorandum Opinion and Order - Page 1**

removal of several areas from under Plaintiff's supervision, and eliminated the possibility of upgrading Plaintiff's position; (3) his suspension and subsequent discharge for allegedly using his office for personal business; and (4) the denial of unemployment benefits. Complaint at 3-4. Plaintiff was terminated on September 16, 2003.

Plaintiff alleges four causes of action: (1) Discrimination in employment and retaliation;[2] (2) intentional infliction of emotional distress; (3) public policy tort; and (4) negligence. DART filed its motion to dismiss contending that: (1) Plaintiff failed to serve it with a summons as required by Fed. R. Civ. P. 4, and therefore the court does not have personal jurisdiction over DART; and (2) Plaintiff's claims for intentional infliction of emotional distress, public policy tort, negligence, and punitive/exemplary damages are barred as a matter of law by the doctrine of sovereign immunity.[3]

## II.   Failure to Timely Serve

DART contends that this action should be dismissed, as Moore failed to serve it with a summons pursuant to Fed. R. Civ. P. 4. Specifically, DART contends that Moore filed this action on August 31, 2004, and as of the date that DART filed its motion to dismiss, July 19, 2005, it had not been served with a summons as required by Rule 4. DART maintains, therefore, that the court does not have personal jurisdiction over it, and Moore's claims should be dismissed.

On June 28, 2005, the court ordered Moore to effect service on DART no later than July 29, 2005, or show good cause in writing for his failure or inability to do so. Docket No. 4. The court

---

[2]Plaintiff brings these claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, 42 U.S.C. § 1981, and the Texas Commission on Human Rights Act ("TCHRA"), Tex. Lab. Code Ann. §§ 21.051, 21.055.

[3]DART's motion to dismiss is pursuant to Fed. R. Civ. P. 12(b)(2) (lack of personal jurisdiction), 12(b)(4) (insufficiency of process), 12(b)(5) (insufficiency of service of process), 12(b)(6) (failure to state a claim) and 41(b) (failure to prosecute or comply with the Federal Rules of Civil Procedure).

**Memorandum Opinion and Order - Page 2**

instructed Moore that his failure to effect service or show good cause would result in dismissal of this action without prejudice. DART maintains that a copy of the complaint was served on its legal department on June 30, 2005, but no summons was served with the complaint. *See* Exhibit 1 to the Motion, Declaration of Higinio Gamez. A review of the docket for this case reveals that, although no summons was issued to DART prior to July 26, 2005, summonses were returned executed as to DART on July 7, 2005 and July 22, 2005. Docket Nos. 5, 9. The docket also reveals that a summons was issued to DART on July 26, 2005, and returned executed as to DART on August 3, 2005. Docket Nos. 11, 13.

> Fed. R. Civ. P. 4(m) provides:
>
> > If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period. This subdivision does not apply to service in a foreign country pursuant to subdivision (f) or (j)(1).

When service of process is challenged, the serving party bears the burden of proving its validity or good cause for failure to effect timely service. *Winters v. Teledyne Movible Offshore, Inc.,* 776 F.2d 1304, 1305 (5th Cir.1985). The court must extend the time for service upon a showing of good cause. *Thompson v. Brown,* 91 F.3d 20, 21 (5th Cir.1996). "Good cause" normally requires some evidence of "good faith on the part of the party seeking an enlargement of time and some reasonable basis for non-compliance within the time specified." *Lambert v. United States,* 44 F.3d 296, 299 (5th Cir.1995). Simple inadvertence, mistake of counsel, and ignorance of the rules usually do not

**Memorandum Opinion and Order - Page 3**

suffice. *Id.* Even if good cause does not exist, the court has discretion to extend the time to serve a defendant upon a showing that relief is justified. *Thompson,* 91 F.3d at 21.

Moore asserts that he complied with the court's June 28, 2005 order, and timely served DART. The court agrees. As explained in *Thompson v. Brown,* 91 F.3d 20, 21 (5th Cir.1996), a district court enjoys discretion under Rule 4(m) to extend the time for service even when a plaintiff fails to show good cause. "If good cause is present, the district court *must* extend time for service. If good cause does not exist, the court *may,* in its discretion, decide whether to dismiss the case without prejudice or extend time for service." *Id.* As it is in the court's discretion whether to dismiss pursuant to Rule 4(m), the court declines to do so. The docket reflects that summonses were returned executed as to DART on July 7 and 22, 2005. The docket also reflects that a summons was issued to DART on July 26, 2005, and returned executed as to DART on August 3, 2005. Moore has effected service on DART in this case. Accordingly, DART's motion to dismiss for Moore's failure to serve it with a summons should be denied. The court, in the exercise of its discretion, **extends** the time for service of process to August 3, 2005, the last date that Moore served DART.

### III. **Failure to State a Claim**

DART contends that Moore's claims for intentional infliction of emotional distress, public policy tort, negligence and punitive/exemplary damages are barred as a matter of law by the doctrine of sovereign immunity, pursuant to the Texas Tort Claims Act, Tex. Civ. Prac. & Rem. Code Ann. §§ 101.001-.109 (Vernon 2005). In his response, Plaintiff does not address DART's contention that sovereign immunity bars his state law claims.

**A.     Standard**

A motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6) "is viewed with disfavor and is rarely granted." *Lowrey v. Texas A&M Univ. Sys.*, 117 F.3d 242, 247 (5th Cir. 1997). A district court cannot dismiss a complaint, or any part of it, for failure to state a claim upon which relief can be granted "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995). Stated another way, "[a] court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Swierkiewicz v. Sorema*, 534 U.S. 506, 512 (2002) (quoting *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)). In reviewing a Rule 12(b)(6) motion, the court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). In ruling on such a motion, the court cannot look beyond the pleadings. *Id.*; *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999), *cert. denied*, 530 U.S. 1229 (2000). The pleadings include the complaint and any documents attached to it. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000). Likewise, "'[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [the plaintiff's] claims.'" *Id.* (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)). The ultimate question in a Rule 12(b)(6) motion is whether the complaint states a valid cause of action when it is viewed in the light most favorable to the plaintiff and with every doubt resolved in favor of the plaintiff. *Lowrey*, 117 F.3d at 247. A plaintiff, however, must

plead specific facts, not mere conclusory allegations, to avoid dismissal. *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992).

> **B.    Claims of Intentional Infliction of Emotional Distress, Public Policy Tort, Negligence, and Punitive Damages**

Moore contends that DART "intentionally inflicted severe emotional distress as a result of its course of dealings with him and the outrageous conduct to which he was subjected." Complaint at 5.  He also contends that DART's conduct in discriminating against him was a "public policy tort" that "violates the public policies of the State of Texas as expressed in its common-law, judicial decisions and statutes."[4] *Id.*

Regarding his negligence claim, Moore alleges that

> Defendant and its agents, servants, and employees, while acting in the course and scope of their employment for Defendant, failed to use that degree of care, caution, and prudence that would have been exercised by persons of ordinary care, and that such acts and omissions constituted negligence. . . . In addition, Defendant negligently continued to retain in employment the administrators who discriminated against Plaintiff, failed to allow Plaintiff to interview for promotions, retaliated against Plaintiff and wrongfully terminated/suspended Plaintiff.

*Id.*

DART, as a regional transportation authority, is a governmental unit.  *See* Texas Transportation Code Ann. § 452.002(c) (Vernon 2005); *Stephens v. Dallas Area Rapid Transit*, 50 S.W.3d 621, 632 (Tex. App. – Dallas 2001, no pet.).   Under the Texas Tort Claims Act, a governmental unit, such as DART, can be liable only for (1) property damage, personal injury, and death arising from the operation or use of a motor-driven vehicle or equipment; and (2) personal

---

[4]The court is unaware of the existence of any cause of action delineated as a "public policy tort." Accordingly, this claim should be dismissed with prejudice. If Plaintiff can provide the court with the factual and legal basis for such an action, the court will reconsider its ruling on this matter.

**Memorandum Opinion and Order - Page 6**

injury and death caused by a condition or use of tangible personal or real property. Tex. Civ. Prac. & Rem. Code Ann. § 101.021 (Vernon 2005); *Texas Dep't of Transp. v. Able,* 35 S.W.3d 608, 611(Tex. 2000). Neither of these exceptions to sovereign immunity applies in this case. Moore's claims are regarding DART's employment practices. Specifically, certain actions taken by DART's employees and administrators regarding the terms and conditions of Moore's employment.

Moore's claim for intentional infliction of emotional distress is an intentional tort claim. *See University of Tex. Med. Branch at Galveston v. Hohman,* 6 S.W.3d 767, 777 (Tex. App. – Houston 1999, pet. dism'd (citing *Twyman v. Twyman*, 855 S.W.2d 619, 621-22 (Tex. 1993)). The Texas Tort Claims Act does not except from immunity claims for intentional torts. Tex. Civ. Prac. & Rem. Code § 101.057(2) (Vernon 2005); *Harris County, Tx. v Cabazos*, 177 S.W.3d 105, 109 (Tex. App. – Houston 2005, no pet.). This claim must therefore be dismissed.

Moore's claim of negligence, likewise, does not fall within one of the limited waiver of liability provisions of the Texas Tort Claims Act. *See* Tex. Civ. Prac. & Rem.Code § 101.021. Moore complains that DART negligently supervised its employees and administrators. This claim does not involve the operation or use of a motor-driven vehicle or equipment, or the condition or use of tangible personal or real property. Further, an intentional tort exception cannot be circumvented by merely alleging that the governmental unit was negligent in supervising its employee-tortfeasor. *Cabazos*, 177 S.W.3d at 109 (citing *Delaney v. University of Houston*, 835 S.W.2d, 56, 60 (Tex. 1992). Further, a governmental unit cannot be liable for failing to perform an act that it is not required by law to perform, or because it made a decision not to perform an act, or it failed to make a decision on the performance or nonperformance of an act, if the law leaves the performance or

nonperformance of the act to the discretion of the governmental unit.  *See* Tex. Civ. Prac. & Rem. Code § 101.056.  Moore's negligence claim, therefore, should be dismissed.

Moore also seeks punitive damages regarding his state law claims pursuant to the Texas Commission on Human Right Act.  This claim, however, should be dismissed, as the Act does not allow for the recovery of punitive damages from a governmental entity.  *See* Tex. Lab. Code Ann. § 21.2585(b) (Vernon 2005).

As the court has determined that no relief could be granted under any set of facts that could be proved consistent with Moore's state law claims, his claims of intentional infliction of emotional distress, public policy tort, and negligence should be dismissed.  Moore's claim for punitive damages for the alleged state law violations should also be dismissed.

### C. Claim for Punitive Damages Under Title VII

Moore alleges that he is entitled to compensatory and punitive damages "as a result of the Defendant's intentional, willful, malicious and/or wanton conduct in violation of 42 U.S.C. § 1981, as well as equitable relief pursuant to Title VII." Complaint at 5.  DART contends that "to the extent Plaintiff is attempting to assert a claim for punitive damages under Title VII, such claim is inappropriate and should be dismissed." Motion at 5.  The court agrees.  A governmental unit, such as DART, is exempt from punitive damages awarded under Title VII.  42 U.S.C. § 1981a(b)(1). This section specifically provides:

> (b) Compensatory and punitive damages
>
> > (1) Determination of punitive damages
> >
> > A complaining party may recover punitive damages under this section against a respondent (*other than a government, government agency or political subdivision*) if the complaining party demonstrates that the respondent engaged

**Memorandum Opinion and Order - Page 8**

>in a discriminatory practice or discriminatory practices with
>malice or with reckless indifference to the federally protected
>rights of an aggrieved individual.

*Id.* (emphasis added). *See also Oden v. Oktibbeha, County, Miss.*, 246 F.3d 458, 466 (5th Cir.), *cert. denied,* 534 U.S. 948 (2001). Accordingly, Moore's claims for punitive damages under Title VII should be dismissed.

### IV.    Conclusion

For the reasons stated herein, Defendant's Motion to Dismiss under Fed. R. Civ. P. 12(b)(2), 12(b)(4) and 12(b)(5) is **denied** as to its assertion that Plaintiff failed to timely serve it pursuant to Fed. R. Civ. P. 4. Defendant's Motion to Dismiss is **granted** as to Plaintiff's state law claims of intentional infliction of emotional distress, public policy tort, negligence, and claims of punitive damages under the TCHRA and Title VII. Plaintiff Clarence Moore's claims of intentional infliction of emotional distress, public policy tort, and negligence are **dismissed with prejudice** for failure to state a claim upon which relief can be granted pursuant to Fed.R.Civ.P. 12(b)(6). Plaintiff Clarence Moore's claims for punitive damages for the state law and Title VII violations are also **dismissed with prejudice**. Plaintiff's discrimination and retaliation claims remain before the court for resolution.

**It is so ordered** this 18th day of January, 2006.

*Sam A. Lindsay*
Sam A. Lindsay
United States District Judge

**Memorandum Opinion and Order - Page 9**